Argued and submitted November 15, 1991, reversed and remanded
October 21, 1992, reconsideration denied March 10, petition for review pending 1993

# STATE OF OREGON,
*Appellant,*

*v.*

# BOYD ALAN FISH,
*Respondent.*

## (TC90-11996; CA A67743)

839 P2d 278

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John Henry Hingson III, Oregon City, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant was charged with driving under the influence of intoxicants (DUII). ORS 813.010. The state appeals a pretrial order suppressing evidence of defendant's refusal to perform field sobriety tests.

At the suppression hearing, Deputy Sheriff Schwarz testified that he stopped defendant for DUII after defendant's vehicle swerved in front of his patrol car. After approaching defendant, he saw a can of beer on the floorboard, smelled alcohol and saw that defendant's eyes were "bloodshot and watery." The transcript of the suppression hearing provides the remaining relevant facts:

> Schwarz: "I asked him to step out of the truck to perform a series of field sobriety tests."
>
> D.A.: "And did he, in fact, take those field tests?"
>
> Schwarz: "No, he did not."
>
> D.A.: "And prior to offering the field test, did you read him, as is required, the necessary warnings concerning those field tests?"
>
> Schwarz: "I advised him that he had the right to refuse the field sobriety test; that if he did refuse the test, that could be used against him as evidence in court."

Defendant moved to suppress evidence of his refusal to perform the unspecified field sobriety tests. Among other things, he argued that the arresting officer "did not comply with the requirements of ORS 813.135-813.136" and that "evidence of field sobriety test refusal—even in the face of statutory implementation for reception of such evidence—is violative of" Article I, section 12, of the Oregon Constitution.[1] The trial court allowed the motion on both grounds:

> "[T]he Court is of the opinion that the advice by the officer of rights under ORS 813.136 was not in accordance with the Statute, was not adequate to advise the defendant. In addition, the Court is of the opinion that that Statute does not

---

[1] Article I, section 12, provides:

"No person shall be put in jeopardy twice for the same offence [sic] nor be compelled in any criminal prosecution to testify against himself."

cure the Constitutional problem with regards to the admission of a refusal to take field sobriety tests and that, therefore, the Statute itself is unconstitutional to the extent it attempts to make admissible that which is Constitutionally prohibited."

The threshold question is whether Schwarz complied with the applicable statutes and regulations. ORS 813.135 provides, in part:

"Any person who operates a vehicle upon premises open to the public or the highways of the state shall be deemed to have given consent to submit to field sobriety tests upon the request of a police officer * * *. *Before the tests are administered, the person requested to take the tests shall be informed of the consequences of refusing to take or failing to submit to the tests under ORS 813.136.*" (Emphasis supplied.)

ORS 813.136 provides:

"If a person refuses or fails to submit to field sobriety tests as required by ORS 813.135, *evidence of the person's refusal or failure to submit is admissible in any criminal or civil action or proceeding arising out of allegations that the person was driving while under the influence of intoxicants.*" (Emphasis supplied.)

OAR 257-25-015 provides, in part:

"(1) Before any field sobriety test * * * is administered, the person requested to take the field sobriety test shall be informed by the police officer of the consequences of refusing to take or failing to submit to field sobriety tests under ORS 813.136.

"(2) The information about the consequences *need not be in any particular form or order, but shall substantially convey the following*:

"(a) If a person refuses or fails to submit to field sobriety tests as required by law, evidence of the person's refusal or failure to submit is admissible in any criminal or civil action or proceeding arising out of allegations that the person was driving while under the influence of intoxicants." (Emphasis supplied.)

When Schwarz told defendant that his refusal "could be used against him as evidence in court,"[2] he did not employ

---

[2] Because the record does not reveal what Schwarz *actually said* to defendant, there is a very close question as to the adequacy of this record for appellate review.

the precise language of ORS 813.136. However, as OAR 257-25-015(2) provides, variation in the "form or order" of the officer's advice is not fatal, so long as the substance of the statute is conveyed to the motorist. Schwarz' words informed defendant that evidence of his refusal to submit to field sobriety tests was both incriminating and admissible in court. The context of his advice would have led a reasonable person to understand that "in court" referred to a legal proceeding regarding DUII. Although Schwarz did not inform defendant that "in court" also applied to any "*civil* action or proceeding arising out of allegations that [defendant] was driving while under the influence of intoxicants," the advice "substantially convey[ed]" the necessary information for purposes of this criminal DUII proceeding.[3] OAR 257-25-015(2). (Emphasis supplied.)

█ █   Defendant also contends that, because he could not legally refuse to take the field sobriety tests, the officer "misinformed [him]" by advising him that he had a right to refuse. When an officer comes in contact with a purportedly intoxicated individual, the officer need not explain that drivers have the right *physically* to refuse, but are nonetheless *legally* required to take field sobriety tests. A layperson cannot be presumed to understand the legal effect of those distinctions, and ORS 813.135 does not require that an officer be so detailed; it requires only that the officer inform the defendant of the consequences of refusal. Here, that was done — at least for purposes of this criminal proceeding.

█   The other issue on appeal is whether the trial court erred in holding that ORS 813.136 violates Article I, section 12, of the Oregon Constitution. The court based its conclusion on language contained in *State v. Green*, 68 Or App 518, 684 P2d 575, *rev den* 297 Or 601 (1984). When *Green* was decided, the Implied Consent Law permitted motorists to

---

*See State v. Warner*, 284 Or 147, 159, 585 P2d 681 (1978). Schwarz testified only that he "advised" defendant "that if he did refuse the test, that could be used against him as evidence in court." That testimony does not indicate what Schwarz' exact words were, making it difficult to determine whether his words were sufficient under the statutes.

[3] We need not decide whether the advice would have been sufficient to inform defendant of its use in a civil or non-court (*e.g.*, Department of Motor Vehicles) proceeding related to the charge of DUII.

refuse to submit to a *breath* test, but as a condition of that refusal it allowed the refusal to be used in court against them. No similar "statutory or other legal requirement" existed for field sobriety tests, and hence no similar condition could be placed on a refusal. 68 Or App at 525. In other words, because the state, at that time, had no authority to require a motorist to perform those tests, it could not constitutionally "obtain communicative evidence [*i.e.*, the refusal] to which it would otherwise have no right, as a result of defendant's refusal to provide noncommunicative evidence [*i.e.*, test performance] to which it also had no right." 68 Or App at 526. Under those circumstances, we held that the defendant's communication was compelled and that his refusal to perform field sobriety tests was inadmissible under Article I, section 12.

In response to *Green*, the 1989 Legislative Assembly enacted ORS 813.135 and ORS 813.136, which extended the implied consent law to field sobriety tests. Or Laws 1989, ch 576, §§ 13-17; *State v. Scott*, 111 Or App 308, 312 n 4, 826 P2d 71 (1992). In so doing, it created a legal requirement that drivers consent to the tests. *State v. Green, supra*, 68 Or App at 525. Therefore, the state may present evidence of a motorist's refusal to perform those tests.

Reversed and remanded.